## LANDRY v. TRUXILLO.
### No. 2029.

Court of Appeal of Louisiana. First Circuit.
Nov. 9, 1939.

C. A. Blanchard, of Donaldsonville, for appellant.

Walter Lemann, of Donaldsonville, for appellee.

DORE, Judge.

In this case, plaintiff seeks to recover of the defendant, the sum of $175, with legal interest from judicial demand until paid.

For a cause of action, he alleges that the defendant agreed to sell, and did sell, during the month of November, 1937, a certain automobile belonging to him for the price of $175; that, at the time of the agreement to sell the said automobile, the defendant further agreed to deliver to him, plaintiff, a "second hand automobile" (used car), at the proper market value, suitable for his business; that, in violation of said agreement, the defendant has failed and refused to deliver to him, plaintiff, such a "second hand automobile", although defendant had two such automobiles; that defendant demanded of plaintiff for such automobiles a price higher than that offered to other purchasers, and thereby prevented plaintiff from fulfilling his part of the contract; that he has made repeated demand upon the defendant to carry out the agreement or to return the amount received by him for the sale of plaintiff's car, but to no avail. He alleges further that the defendant was entitled to a commission of not exceeding eight per cent for the sale of his automobile, but that, since the defendant had failed to carry out his agreement or to pay to plaintiff the amount which he received less his commission, he has forfeited the said commission.

An exception of no cause or right of action was filed by the defendant, which exception was overruled. We are not concerned with this exception, in that it is not urged in this court, and we treat the same as being abandoned.

Defendant filed an answer categorically denying every allegation of plaintiff's petition, and averring that the agreement between himself and plaintiff was a verbal one and entirely different from the one alleged by plaintiff, but failing to set out such agreement. He alleges that plaintiff's demand is neither just nor well founded, and that the suit should therefore be dismissed.

There was judgment dismissing the suit of plaintiff as in case of non-suit. Plaintiff has appealed.

In accordance with the testimony of defendant's salesman and of the plaintiff, we find that the agreement was that defendant was to take over plaintiff's car for a net value of $175, and that the plaintiff was to purchase a new car at the regular price, provided, however, that plaintiff was able to dispose of his blacksmith shop in December following this agreement which was entered into in November, 1937. Defendant's salesman received plaintiff's car and sold it in November, 1937, for the amount of $175 plus a used car of the value of $25, thereby netting plaintiff the original amount of $175, which said amount is still in the hands of the defendant. The defendant's version of the transaction is slightly different from that of his salesman and the plaintiff, and yet is somewhat in corroboration thereof, in that he states that he received plaintiff's automobile for $175 on the purchase of a new automobile when plaintiff would sell "his shop equipment, which would be in the latter part of December". In any event, the defendant is bound by the agreement of his agent.

Plaintiff did not sell his blacksmith shop in December, and, as expressed by the defendant himself, "that's where the picture of the second-hand car came in". Plaintiff was no longer bound to purchase the new car and was relieved therefrom. A new agreement was reached between the salesman of the defendant and the plaintiff wherein plaintiff agreed to purchase a second-hand automobile suitable for his under-

taking business. At that time, defendant had two cars that were suitable to plaintiff's business, but plaintiff refused to take either one for the reason that the price was too high. The evidence convinces us that the prices of both of these cars were inflated to plaintiff to the amount of about one hundred dollars on each, thereby justifying plaintiff for not taking either of the cars. The defendant admits that plaintiff called upon him to sell him a used car at the proper market value or to pay the $175 received from the sale of plaintiff's car, and that he has failed to comply with such demand, contending that he is ready and willing to deliver to plaintiff a new car and to allow him the amount which he has received by virtue of the sale of the automobile, and that since plaintiff has not ordered a new car he is entitled to retain the amount so received; that is, the sum of $175.

Although not clearly urged, the first legal question presented to us is whether or not, under the petition, plaintiff had a right to prove a different agreement from that alleged. Defendant, in his answer, denied that he had entered into the kind of agreement as set out in plaintiff's petition, but failed to set out the real agreement, nor did he require plaintiff to give more particulars concerning the agreement. While in his answer defendant denies that he had undertaken to sell plaintiff's automobile for $175, yet, in his testimony, he admits that his salesman did sell the automobile for that amount and that he has the money in his possession. He contends, however, that he is holding the same as a credit on the purchase of a new automobile by plaintiff.

In view of the fact that the agreement alleged in the petition was a part of, or at least grew out of, this original agreement by which plaintiff had agreed to purchase a new automobile under certain conditions which never happened, and since most of the testimony was elicited by defendant on cross-examination of his own salesman without objection, and in view of the further fact that the defendant, testifying in chief and on his own behalf, admitted part of this agreement, we do not find that he has suffered any disadvantage on account of the variance in the petition and proof.

The agreement made by plaintiff with defendant's salesman included two separate and independent parts: (1) the sale by the defendant of plaintiff's second-hand automobile for $175, which amount was to be credited on a new car; and (2) the purchase by plaintiff of a new car from defendant on condition that plaintiff sold his blacksmith shop in December. The first part of the agreement was performed, but the second part was not performed as the condition on which it depended was not fulfilled through no fault of plaintiff. C.C. arts. 2021 and 2043. The plaintiff was relieved of his obligation to purchase a new car, on account of the non-fulfillment of the condition on which he was to make the purchase; and a modified agreement to purchase a second-hand car was then entered into. We find that plaintiff was relieved of that agreement by the action of defendant in raising the price to plaintiff of the second-hand car.

Defendant takes the position that he has a right to retain the $175 until plaintiff purchases a new car. He even seeks to prove that under a custom amongst dealers, he has a right to retain the amount as a forfeit, but this is contrary to our law which prevents one from enriching himself at the expense of another. C.C. art. 1965.

There has been a partial performance of a commutative contract by reason of which defendant has been benefited to the extent of $175. Plaintiff is released from performing the remaining part of the obligation, and he has a right to recover the amount received by the defendant.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from is hereby reversed, annulled and set aside; and that there now be judgment in favor of the plaintiff and against the defendant, Harvey J. Truxillo, in the full sum of One Hundred Seventy-five Dollars, with five per cent. per annum interest thereon from judicial demand until paid, and all costs.